IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Civil Action No. 6:20-cv-1083-ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT ARISTA NETWORKS, INC.'S ANSWER AND DEFENSES

Defendant Arista Networks, Inc. ("Arista"), by and through its undersigned counsel, hereby respectfully demands a trial by jury on all issues so triable and submits this Answer and these Defenses in response to the Complaint for Patent Infringement (the "Complaint") filed by WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"). To the extent not specifically admitted herein, the allegations of the Complaint are denied. Arista denies any allegations that may be implied by the headings of the Complaint.

1. Arista admits that the Complaint purports to bring an action for patent infringement of United States Patent Nos. 7,409,715 ("'715 Patent"); 8,472,447 ("'447 Patent"); and 9,450,884 ("'884 Patent") (collectively, the "Asserted Patents"), but specifically denies that it has infringed or is infringing the Asserted Patents.

## Parties

2. Arista is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint and, on that basis, denies them.

3. Arista admits that it is a Delaware corporation with its principal place of business at 5453 Great America Parkway, Santa Clara, California 95054. Arista admits that it has an office in Austin, Texas. Arista admits that it may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Arista otherwise denies the allegations in paragraph 3 of the Complaint.

## Jurisdiction & Venue

4. Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, Arista admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* and that, on that basis, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Arista denies that there is any legal or factual basis for such action.

5. Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, Arista admits for purposes of this action only that this Court has personal jurisdiction over Arista. Arista admits that, in *Proven Networks, LLC v. Arista Networks, Inc.*, 6:20-cv-00281 (W.D. Tex. June 22, 2020), it did not dispute personal jurisdiction in this Court for purposes of that action only. Arista admits that, in *Intellectual Ventures I LLC et al. v. Arista Networks, Inc.*, 6:20-cv-00749 (W.D. Tex. Nov. 5, 2020), it admitted to personal jurisdiction in this Court for purposes of that action only. Arista otherwise denies the allegations in paragraph 5 of the Complaint, and specifically denies that it has infringed or is infringing the Asserted Patents.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Arista denies that venue is proper or convenient in this Division. Arista admits that it has an office located at The Terrace, Building II, Suite 420, 2700 Via Fortuna,

Austin, Texas 78746. Arista otherwise denies the allegations in paragraph 6 of the Complaint, and specifically denies that it has infringed or is infringing the Asserted Patents.

7. Arista admits that, in *Proven Networks, LLC v. Arista Networks, Inc.*, 6:20-cv-00281 (W.D. Tex. June 22, 2020), it admitted that it has transacted business in this District. Arista otherwise denies the allegations in paragraph 7 of the Complaint.

### Count 1
(Alleged Infringement of the '715 Patent)

8. No response is required to paragraph 8. To the extent an answer is required, Arista incorporates each of its responses to paragraphs 1-7 as though fully set forth herein.

9. Arista admits that Exhibit A attached to the Complaint on its face purports to be a copy of the '715 Patent. Arista admits that the face of the '715 Patent bears an issue date of August 5, 2008. Arista admits that the face of the '715 Patent bears the title "MECHANISM FOR DETECTION OF ATTACKS BASED ON IMPERSONATION IN A WIRELESS NETWORK." Arista otherwise denies the allegations in paragraph 9 of the Complaint.

10. Arista is without knowledge or information sufficient to admit or deny the allegations of paragraph 10 of the Complaint and, on that basis, denies them.

11. Arista admits that paragraph 11 of the Complaint generally reproduces the text of claim 1 of the '715 Patent.

12. Arista denies the allegations in paragraph 12 of the Complaint.

13. Arista denies the allegations in paragraph 13 of the Complaint.

14. Arista admits that paragraph 14 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 12 of the Complaint. Arista otherwise denies the allegations in paragraph 14 of the Complaint.

15.     Arista admits that paragraph 15 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 12 of the Complaint. Arista otherwise denies the allegations in paragraph 15 of the Complaint.

16.     Arista admits that paragraph 16 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 12 of the Complaint. Arista otherwise denies the allegations in paragraph 16 of the Complaint.

17.     Arista admits that paragraph 17 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 12 of the Complaint. Arista otherwise denies the allegations in paragraph 17 of the Complaint.

18.     Arista admits that it learned of the '715 Patent by way of service of the Complaint. Arista otherwise denies the allegations in paragraph 18 of the Complaint.

19.     Arista denies the allegations in paragraph 19 of the Complaint.

20.     Arista denies the allegations in paragraph 20 of the Complaint.

21.     Arista denies the allegations in paragraph 21 of the Complaint.

22.     Arista denies the allegations in paragraph 22 of the Complaint.

23.     Arista denies the allegations in paragraph 23 of the Complaint.

24.     Arista denies the allegations in paragraph 24 of the Complaint.

## Count 2
(Alleged Infringement of the '447 Patent)

25.     No response is required to paragraph 25. To the extent an answer is required, Arista incorporates each of its responses to paragraphs 1-24 as though fully set forth herein.

26.     Arista admits that Exhibit B attached to the Complaint on its face purports to be a copy of the '447 Patent. Arista admits that the face of the '447 Patent bears an issue date of June

25, 2013. Arista admits that the face of the '447 Patent bears the title "IP MULTICAST SNOOPING AND ROUTING WITH MULTI-CHASSIS LINK AGGREGATION." Arista otherwise denies the allegations in paragraph 26 of the Complaint.

27. Arista is without knowledge or information sufficient to admit or deny the allegations of paragraph 27 of the Complaint and, on that basis, denies them.

28. Arista admits that paragraph 28 of the Complaint generally reproduces the text of claim 15 of the '447 Patent.

29. Arista denies the allegations in paragraph 29 of the Complaint.

30. Arista denies the allegations in paragraph 30 of the Complaint.

31. Arista admits that paragraph 31 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 29 of the Complaint. Arista otherwise denies the allegations in paragraph 31 of the Complaint.

32. Arista admits that paragraph 32 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 29 of the Complaint. Arista otherwise denies the allegations in paragraph 32 of the Complaint.

33. Arista admits that paragraph 33 of the Complaint purports to describe marketing and technical documents referencing at least some of Arista products identified in paragraph 29 of the Complaint. Arista otherwise denies the allegations in paragraph 33 of the Complaint.

34. Arista denies the allegations in paragraph 34 of the Complaint.

35. Arista admits that paragraph 35 of the Complaint purports to describe marketing and technical documents referencing at least some of Arista products identified in paragraph 29 of the Complaint. Arista otherwise denies the allegations in paragraph 35 of the Complaint.

36. Arista admits that paragraph 36 of the Complaint purports to describe marketing and technical documents referencing at least some of Arista products identified in paragraph 29 of the Complaint.  Arista otherwise denies the allegations in paragraph 36 of the Complaint.

37. Arista admits that paragraph 37 of the Complaint purports to describe marketing and technical documents referencing at least some of Arista products identified in paragraph 29 of the Complaint.  Arista otherwise denies the allegations in paragraph 37 of the Complaint.

38. Arista admits that it learned of the '447 Patent by way of service of the Complaint. Arista otherwise denies the allegations in paragraph 38 of the Complaint.

39. Arista denies the allegations in paragraph 39 of the Complaint.

40. Arista denies the allegations in paragraph 40 of the Complaint.

41. Arista denies the allegations in paragraph 41 of the Complaint.

42. Arista denies the allegations in paragraph 42 of the Complaint.

43. Arista denies the allegations in paragraph 43 of the Complaint.

44. Arista denies the allegations in paragraph 44 of the Complaint.

## Count 3
(Alleged Infringement of the '884 Patent)

45. No response is required to paragraph 45.  To the extent an answer is required, Arista incorporates each of its responses to paragraphs 1-44 as though fully set forth herein.

46. Arista admits that Exhibit C attached to the Complaint on its face purports to be a copy of the '884 Patent.  Arista admits that the face of the '884 Patent bears an issue date of September 20, 2016.  Arista admits that the face of the '884 Patent bears the title "SOFTWARE DEFINED NETWORKING BASED CONGESTION CONTROL."  Arista otherwise denies the allegations in paragraph 46 of the Complaint.

47. Arista is without knowledge or information sufficient to admit or deny the allegations of paragraph 47 of the Complaint and, on that basis, denies them.

48. Arista admits that paragraph 48 of the Complaint generally reproduces the text of claim 1 of the '884 Patent.

49. Arista denies the allegations in paragraph 49 of the Complaint.

50. Arista denies the allegations in paragraph 50 of the Complaint.

51. Arista admits that paragraph 51 of the Complaint purports to describe documents cited in the Complaint that refer to Arista's 7500R series switches. Arista otherwise denies the allegations in paragraph 51 of the Complaint.

52. Arista admits that paragraph 52 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 49 of the Complaint. Arista otherwise denies the allegations in paragraph 52 of the Complaint.

53. Arista admits that paragraph 53 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 49 of the Complaint or other documents referencing VOQs. Arista otherwise denies the allegations in paragraph 53 of the Complaint.

54. Arista admits that paragraph 54 of the Complaint purports to describe marketing documents and materials referencing at least some of Arista products identified in paragraph 49 of the Complaint or other documents referencing VOQs. Arista otherwise denies the allegations in paragraph 54 of the Complaint.

55. Arista admits that paragraph 55 of the Complaint purports to describe marketing and technical documents referencing at least some of Arista products identified in paragraph 49 of

the Complaint or other documents referencing VOQs. Arista otherwise denies the allegations in paragraph 55 of the Complaint.

56. Arista admits that paragraph 56 of the Complaint purports to describe marketing documents referencing at least some of Arista products identified in paragraph 49 of the Complaint or other documents referencing VOQs. Arista otherwise denies the allegations in paragraph 56 of the Complaint.

57. Arista denies the allegations in paragraph 57 of the Complaint.

58. Arista admits that it learned of the '884 Patent by way of service of the Complaint. Arista otherwise denies the allegations in paragraph 58 of the Complaint.

59. Arista denies the allegations in paragraph 59 of the Complaint.

60. Arista denies the allegations in paragraph 60 of the Complaint.

61. Arista denies the allegations in paragraph 61 of the Complaint.

62. Arista denies the allegations in paragraph 62 of the Complaint.

63. Arista denies the allegations in paragraph 63 of the Complaint.

64. Arista denies the allegations in paragraph 64 of the Complaint.

## Demand for Jury Trial

65. No response is required to paragraph 65. To the extent an answer is required, Arista demands a jury trial for all issues so triable.

## Prayer for Relief

Arista denies that Brazos is entitled to any relief sought in the Complaint or any relief whatsoever, including the purported relief set out in paragraphs (a) through (e) of the Prayer for Relief.

**Demand for Jury Trial**

Arista respectfully demands a trial by jury for all issues so triable.

**DEFENSES**

Arista alleges and asserts at least the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Arista specifically reserves all rights to allege additional defenses, including affirmative defenses, that become known through the course of discovery.

**FIRST DEFENSE
(NON-INFRINGEMENT OF THE '715 PATENT)**

66.     Arista is not infringing and has not infringed any valid, enforceable claim of the '715 Patent either literally or under the doctrine of equivalents, or under any theory of infringement.

**SECOND DEFENSE
(NON-INFRINGEMENT OF THE '447 PATENT)**

67.     Arista is not infringing and has not infringed any valid, enforceable claim of the '447 Patent either literally or under the doctrine of equivalents, or under any theory of infringement.

**THIRD DEFENSE
(NON-INFRINGEMENT OF THE '884 PATENT)**

68.     Arista is not infringing and has not infringed any valid, enforceable claim of the '884 Patent either literally or under the doctrine of equivalents, or under any theory of infringement.

## FOURTH DEFENSE
## (INVALIDITY OF THE '715 PATENT)

69. One or more claims of the '715 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## FIFTH DEFENSE
## (INVALIDITY OF THE '447 PATENT)

70. One or more claims of the '447 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## SIXTH DEFENSE
## (INVALIDITY OF THE '884 PATENT)

71. One or more claims of the '884 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## SEVENTH DEFENSE
## (EQUITABLE DEFENSES)

72. Brazos's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of prosecution laches, waiver, disclaimer, acquiescence, and/or estoppel including, without limitation, equitable estoppel.

## EIGHTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

73. Brazos's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**NINTH DEFENSE**
**(EXPRESS OR IMPLIED LICENSE)**

74. To the extent Alcatel-Lucent or any other prior owner of the Asserted Patents licensed the patents to a supplier of components to Arista, Arista has either an express or implied license to practice the Asserted Patents, or the Asserted Patents are exhausted.

**TENTH DEFENSE**
**(LIMITATIONS ON DAMAGES/MARKING)**

75. Brazos's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287.

**ELEVENTH DEFENSE**
**(NO COSTS OR ATTORNEYS' FEES)**

76. Brazos's claims for costs and attorneys' fees in this action do not meet the requirements of 35 U.S.C. § 285.  Brazos's claims for costs are also barred by 35 U.S.C. § 288.

**TWELFTH DEFENSE**
**(RESERVATION OF DEFENSES)**

77. Arista hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that become applicable after the substantial completion of discovery or otherwise in the course of litigation.

Dated:  February 4, 2021				Respectfully submitted,

						By: */s/ Paige Arnette Amstutz*
						Paige Arnette Amstutz
						Texas State Bar No. 00796136
						SCOTT, DOUGLASS & MCCONNICO, LLP

303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

Douglas E. Lumish (*pro hac vice to be submitted*)
Jeffrey G. Homrig (*pro hac to be submitted*)
Richard G. Frenkel (*pro hac to be submitted*)
Linfong Tzeng (*pro hac vice to be submitted*)
LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600
Doug.Lumish@lw.com
Jeff.Homrig@lw.com
Rick.Frenkel@lw.com
Linfong.Tzeng@lw.com

Amit Makker (*pro hac vice to be submitted*)
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095
Amit.Makker@lw.com

*Attorneys for Defendant Arista Networks, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 4, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                    */s/ Paige Arnette Amstutz*
                    Paige Arnette Amstutz